UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00603-PAB-MEH

SHANE SCOFIELD, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

GREELEY FITNESS, LLC

    Defendant.

## DEFENDANT GREELEY FITNESS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Greeley Fitness, LLC ("Defendant"), by counsel, files its Answer to Plaintiff Shane Scofield's Complaint [ECF No. 1] ("Complaint") as follows:[1]

### PRELIMINARY STATEMENT

Defendant denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

### ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Defendant responds as follows:

---

[1] On May 6, 2024, the Court granted Plaintiff's motion to substitute party name [ECF No. 11], substituting the originally named defendant, LGG Operations, LLC, with Greeley Fitness, LLC. Therefore, all references in the Complaint to LGG have been substituted with Defendant's name for purposes of this Answer.

94380778.9

**Preliminary Statement**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between [i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

**ANSWER**:   Defendant states that paragraph 1 does not include any factual allegations directed at Defendant and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 1 to the extent they misstate, misrepresent, or misconstrue the cited statute.

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.;* 16 C.F.R. § 310.4(b)(iii)(B) (`It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to ... initiat[e] any outbound telephone call to a person when ... [t]hat person's telephone number is on the "do-not-

call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id...This* private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:** Defendant states that paragraph 2 does not include any factual allegations directed at Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 2 to the extent they misstate, misrepresent, or misconstrue the cited regulations and case law.

3. Plaintiff Shane Scofield brings this action under the TCPA against LGG Operations, LLC ("Defendant"), which owns and operates several Gold's Gym locations, for contacting the Plaintiff and other individuals, who, like the Plaintiff, were listed on the National Do Not Call Registry.

**ANSWER:** Defendant admits Plaintiff filed this TCPA action alleging Defendant violated the TCPA by contacting him and other similarly situated individuals whose phone numbers were purportedly listed on the National Do Not Call Registry ("NDNC"). Defendant further admits that it owns one Gold's Gym location. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 3, denies that it has violated the TCPA, and denies Plaintiff is entitled to any of the relief sought against Defendant.

3

4. A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:** Defendant denies the allegations in paragraph 4.

### Parties

5. Plaintiff is an individual residing in this District.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6. Defendant LGG Operations, LLC is a limited liability company in this District.

**ANSWER:** Defendant admits it is a limited liability company (LLC) with its principal office address located in Greeley, Colorado.

### Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC,* 132 S. Cl. 740 (2012).

**ANSWER:** Defendant admits Plaintiff alleges the existence of federal question subject matter jurisdiction arising out of the TCPA. Further answering, Defendant challenges subject matter jurisdiction based on Plaintiff's failure to allege legally cognizable damages.

8. The Court has personal jurisdiction over LGG because it made telemarketing calls into this District and services clients in this District.

**ANSWER:** Defendant admits Plaintiff alleges the Court has personal jurisdiction over Defendant in this matter. Further answering, Defendant does not challenge personal jurisdiction.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because the Plaintiff was contacted with a telemarketing call in this District.

**ANSWER:** Defendant admits Plaintiff asserts venue is proper pursuant to 28 U.S.C. § 1391(b)(2). Further answering, Defendant does not challenge venue.

### TCPA Background

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER**: Defendant states that paragraph 10 does not include any factual allegations directed at Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 10 to the extent they misstate, misrepresent, or misconstrue the cited statute.

11. The TCPA was passed in 1991 to help prevent unwanted telephone calls and solicitations, provide power to consumers to prevent unwanted solicitations, and rein in unrestricted telemarketing. *See* 47 U.S.C. § 227, *et seq.*

**ANSWER**: Defendant states that paragraph 11 does not include any factual allegations directed at Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 11 to the extent they misstate, misrepresent, or misconstrue the cited statute.

12. Relevantly, the TCPA provides private rights of action for three types of telemarketing-related conduct.

94380778.9

**ANSWER**:   Defendant states that the TCPA speaks for itself and Defendant denies any and all allegations inconsistent therewith. Defendant further states that paragraph 12 does not include any factual allegations directed at Defendant and therefore no response is required.

13.   § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**ANSWER**:   Defendant states that the TCPA speaks for itself and Defendant denies any and all allegations inconsistent therewith. Defendant further states that paragraph 13 does not include any factual allegations directed at Defendant and therefore no response is required.

14.   In this rulemaking proceeding, the FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of ... company-specific 'do not call systems ...)" and "develop proposed regulations to implement the methods and procedures that the Commission determines arc most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

**ANSWER**:   Defendant states that paragraph 14 does not include any factual allegations directed at Defendant and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 14 to the extent they misstate, misrepresent, or misconstrue the cited statute.

15.   Pursuant to this statutory mandate, the FCC established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 199I,* 18 FCC Rcd. 14014 ("DNC Order").

6

94380778.9

**ANSWER**: Defendant states that paragraph 15 does not include any factual allegations directed at Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 15 to the extent they misstate, misrepresent, or misconstrue the cited "DNC Order."

16. This regulation is presently codified at 47 CFR 64.1200(c)(1-2).

**ANSWER**: Defendant states that the TCPA speaks for itself and Defendant denies any and all allegations inconsistent therewith. Defendant states that paragraph 16 does not include any factual allegations directed at Defendant and therefore no response is required.

17. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 CFR 64.1200(c)(2).

**ANSWER**: Defendant states that the TCPA speaks for itself and Defendant denies any and all allegations inconsistent therewith. Defendant further states that paragraph 17 does not include any factual allegations directed at Defendant and therefore no response is required.

### Factual Allegations

18. Plaintiff is, and at all times mentioned herein were, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19. LGG Operations, LLC owns and operates Gold's Gym locations.

**ANSWER:**   Defendant admits it owns and operates one Gold's Gym location and denies all remaining allegations in Paragraph 19.

20. To generate clients, Defendant makes telemarketing calls to consumers who have not consented to receive their calls.

**ANSWER:**   Defendant denies the allegations in Paragraph 20.

Calls to Plaintiff Scofield

21. Plaintiff's telephone number, (970)-XXX-0661, is his residential number.

**ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22. The number is used for residential and personal purposes.

**ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23. That number was on the National Do Not Call Registry for more than 30 days prior to receiving the calls at issue.

**ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.

24. Mr. Scofield nonetheless received at least three telemarketing text messages from the Defendant in 2024:

**ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

25. Two of the text messages arc below:



**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26. Mr. Scofield had no relationship with the Defendant.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27. Mr. Scofield had not provided his telephone number to the Plaintiff or otherwise consented to advertisements from them.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28. Nonetheless, the Defendant's text messages advertise their services.

9

**ANSWER:** Defendant admits that the text displayed in paragraph 28 is a copy of a text message Defendant has sent to customers who have inquired about gym memberships. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies them.

29. Indeed, to confirm that it was the Defendant contacting him, the Plaintiff wrote to the Defendant and the Defendant did not deny sending the text messages.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them.

## Class Action Statement

30. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER:** Defendant incorporates by reference its responses to paragraphs 1-29 above.

31. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

**ANSWER**: Defendant admits Plaintiff purports to bring a class action lawsuit on behalf of himself and other putative class members pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3), and denies all remaining allegations contained in paragraph 31 of the Complaint.

32. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> National Do Not Call Registry Class: All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

**ANSWER**:   Defendant admits Plaintiff proposes the class as defined in paragraph 32 but denies that this litigation may properly proceed as a class action.

33.   Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

**ANSWER:**   Defendant denies the allegations in paragraph 33.

34.   Excluded from the Class are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

35.   Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**ANSWER**:   Defendant denies the allegations in Paragraph 35.

36.   Members of the Class as defined above, arc identifiable through Defendant's dialer records, other phone records, and phone number databases.

**ANSWER:**   Defendant denies that this litigation may properly proceed as a class action. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies them.

37.   Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

**ANSWER:** Defendant denies that this litigation may properly proceed as a class action. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies them.

38. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**ANSWER:** Defendant denies the allegations in paragraph 38.

39. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER:** Defendant denies the allegations in paragraph 39.

40. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

**ANSWER:** Defendant denies the allegations in paragraph 40.

41. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

    a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

    b. Whether Defendant's conduct constitutes a violation of the TCPA; and

    c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER:** Defendant denies the allegations in paragraph 41, including all subparts.

42. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

43. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**ANSWER:** Defendant denies the allegations in paragraph 43.

44. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER:** Defendant denies the allegations in paragraph 44.

45. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies them.

## **FIRST CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

94380778.9

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:** Defendant incorporates its responses to paragraphs 1-45 above.

47. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency Purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**ANSWER:** Defendant denies the allegations in paragraph 47.

48. Defendant's violations were negligent, willful, or knowing.

**ANSWER:** Defendant denies the allegations in paragraph 48.

49. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class arc entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

**ANSWER:** Defendant denies the allegations in paragraph 49.

50. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

94380778.9

**ANSWER:** Defendant denies the allegations in paragraph 50 and denies Plaintiff is entitled to any of the relief sought in the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Plaintiff's Prayer for Relief following paragraph 50 of the Complaint does not require a response. To the extent a response is required, Defendant denies any and all allegations contained therein, and denies that Plaintiff is entitled to any of the relief requested.

## GENERAL DENIAL

Defendant denies each and every allegation contained in the Complaint that is not expressly admitted herein.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Defendant prays that:

1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all fees and costs taxed against Plaintiff; and

2) Defendant recover such other and additional relief as the Court deems just and appropriate.

## DEFENSES

Without assuming the burden where it otherwise lies with Plaintiff, Defendant pleads the following defenses:

1. Plaintiff has not alleged and did not sustain any legally cognizable injury or damages. Accordingly, Plaintiff lacks standing to sue and the Court lacks subject matter jurisdiction.

2. The Complaint fails to state a claim against Defendant upon which relief may be granted.

3. Defendant sent text messages during the relevant time period to phone numbers provided through its website of consumers completing a form on the site to secure a free pass to work out and experience Defendant's gym. Such inquiry creates an established business relationship ("EBR") (47 C.F.R. § 64.1200(f)). Under the TCPA, an EBR is established by a voluntary two-way communication between a person or entity and a residential subscriber, with or without an exchange of consideration. *Id.* Under the law, an entity such as Defendant is authorized to contact a phone number where there is an EBR, even if that phone number is on the NDNC, for 90 days after an inquiry into that entity's products and services or 18 months after a purchase.

5. Plaintiff has failed to take reasonable steps to mitigate damages, if any.

6. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

7. Plaintiff's damages are the result of acts or omissions committed by other entities over whom Defendant has no responsibility or control.

8. Defendant reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

Dated: May 9, 2024            Respectfully submitted,

By: /s/ Richard M. Murray
    Richard M. Murray (CO Bar #38940)
    Polsinelli PC
    1401 Lawrence Street, Suite 2300
    Denver, Colorado 80202
    Phone: 303.572.9300
    rmuray@polsinelli.com

    ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that on May 9, 2024, I filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to all counsel of record including:

Anthony I. Paronich, Esq.
anthony@paronichlaw.com
*Attorney for Plaintiff*

/s/ Angila Papsdorf
Angila Papsdorf