IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00603-PAB-MEH

SHANE SCOFIELD, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

GREELEY FITNESS, LLC

    Defendant.

## PROTECTIVE ORDER

**Michael E. Hegarty, Chief United States Magistrate Judge**

    Pursuant to Federal Rule of Civil Procedure 26(c), and with the consent of the Parties and the approval of this Court, this Protective Order is issued to preserve and protect the confidentiality of documents referenced, disclosed, and produced in the above-captioned matter (the "Litigation") as follows:

    1.    <u>Scope</u>. All materials produced or adduced in the course of discovery during the Litigation, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

    2.    <u>Confidential Information</u>. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the Designating Party that falls within one or

1

more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets or proprietary systems; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; and (h) other information that constitutes confidential information under the Federal Rules of Civil Procedure and applicable case law. Information or documents that are available to the public may not be designated as Confidential Information. Nothing in this order shall be construed to expand the scope of what may properly be kept confidential pursuant to Fed. R. Civ. P. 26(c).

3. <u>Designation</u>.

a. A party or third-party producing information may designate a document as Confidential Information (the "Designating Party") for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time that the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and

do not otherwise disclose the substance of the Confidential Information are not required to be marked.

  b. Any summary, compilation, notes, copy, electronic image, or database containing Confidential Information shall be subject to the terms of this Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

  c. Confidential Information being designated for protection under this Order that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the Designating Party in the file name, after the bates number.

  d. If a Party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files or materials will be considered as having been designated as Confidential Information. Thereafter, on selection of specified documents or materials for copying by the inspecting Party, the Designating Party shall mark the original documents and/or the copies of such documents with the appropriate confidentiality marking at the time the copies are produced to the inspecting Party. The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this Order.

 4. <u>Depositions</u>.

  a. Unless all Parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is

delivered to the Designating Party, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

        b.        The Designating Party shall have the right to exclude from attendance at the deposition, during such time the Designating Party reasonably believes Confidential Information will be discussed or disclosed, any person other than the deponent, the court reporter, and persons entitled to access to the Confidential Information, including those set forth in Paragraph 5(b)

    5.    <u>Protection of Confidential Material</u>.

        a.        <u>General Protections</u>. Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this Litigation, including any appeal thereof. In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified. Notwithstanding the foregoing, a Party is not restricted in the use of its own Confidential Information that it produces. Nothing in this Order shall preclude any Party from showing a document designated as Confidential Information to an individual currently employed by the document's Designating Party, a person or entity that has already seen the document's content or from disclosing its own Confidential Information as it deems appropriate. Nor shall anything in

this Order preclude a Designating Party from using, in its business as it wishes, any documents it produces itself in this Litigation.

      b.    <u>Limited Third-Party Disclosures</u>. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9) below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

      1)    Counsel. Counsel for the Parties and employees of counsel who have responsibility for the action;

      2)    Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

      3)    The Court and its personnel;

      4)    Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

      5)    Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

      6)    Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

9) Others by Consent. Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

6. <u>Control of Documents</u>. Counsel for the Parties shall maintain Confidential Information in a secure and safe area and shall exercise due and proper care with respect to storage, custody, and use of Confidential Information to prevent unauthorized or inadvertent disclosure. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

7. <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a Party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the

document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

8.     <u>Inadvertent Production of Privileged Material</u>. Consistent with Federal Rule of Civil Procedure 26(b)(5)(B), and Federal Rules of Evidence 502(b) and 502(d), if a Party inadvertently produces or provides discovery that, in whole or in part, it believes is privileged or otherwise immune from discovery pursuant to the attorney-client privilege, the work product doctrine, joint defense/common interest privilege, or other applicable privilege, or protection or immunity from disclosure, the inadvertent production is not and will not automatically be construed or deemed to be a general or specific waiver or forfeiture of any such privilege, immunity, or work product protection that the producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed information and its subject matter. The producing Party making the claim of privilege, immunity, or protection may notify the receiving Party or Parties in writing of the claim and the basis for it, must identify the document by Bates number, and explain the facts and circumstances surrounding the inadvertent production. Immediately upon receiving such a notice, the receiving Party or Parties shall make no further use of the alleged privileged material, or information gleaned from any inadvertently produced materials, and shall immediately segregate it in a manner that will prevent further disclosure or dissemination of its contents. Within five (5) business days of receiving such notice, the receiving Party or Parties must return or destroy the specified information and any copies it has; must not use or disclose the

information until the claim of privilege, immunity, or protection is resolved; and must take reasonable steps to retrieve the information if the Party disclosed it before being notified. Within five (5) business days after giving such notice of inadvertent production, the producing Party will provide a privilege log specific to such documents to the receiving Party. Disputes relating to an inadvertent production may be brought to Court but the Parties shall comply with the discovery dispute process set forth in D.C.COLO.MJ VI. If such Court intervention is sought, the allegedly privileged material shall still be treated as privileged until the Court enters a ruling. If Court intervention pursuant to D.C.COLO.MJ VI. is not sought, the material shall continue to be treated as privileged.

9. <u>Filing of Confidential Information</u>. In the event that a Party or non-party bound by this Order intends to file with the Court any information or documents that have been designated Confidential Information or contain any Confidential Information, such Party shall as soon as practicable inform the Designating Party and all other Parties to this Action of its intention to do so and identify the Confidential Information it intends to disclose. This Order does not, by itself, authorize the filing of any document under filing restrictions. Any Party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must move the Court for an order that such information and/or documents be filed under filing restrictions in accordance with the procedures set forth in the Local Rules of the United States District Court for the District of Colorado.

10. <u>No Greater Protection of Specific Documents</u>. Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order

providing such special protection. Nothing in this Order shall affect any matter of attorney-client privilege, work product immunity, or any other privilege or immunity, which matters shall be governed by the applicable law of privilege or immunity. To the extent, however, that Confidential Information claimed to be protected from discovery on the grounds of such privilege or immunity are held by the Court not to be so protected, the terms of this Order shall govern any Confidential Information contained in such documents.

11. <u>Challenges by a Party to Designation as Confidential Information</u>. The designation of any material or document as Confidential Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

a. Meet and Confer. A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within five (5) business days.

b. Judicial Intervention and Discovery Dispute Process. This Order does not permit the filing of opposed discovery motions. Instead, the Parties shall comply with the discovery dispute process set forth in D.C.COLO.MJ VI. A Party that elects to challenge a confidentiality designation may do so in accordance with D.C.COLO.MJ VI. The Party designating information as Confidential Information bears the burden of establishing that good cause exists for the disputed information to be treated as Confidential. Until the Court rules on the

challenge, all Parties shall continue to treat the materials as Confidential Information under the terms of this Order.

12. <u>Action by the Court</u>. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13. <u>Use of Confidential Documents or Information at Trial</u>. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. Nothing contained in this Order shall be construed as a waiver by any Designating Party of its right to object to the subject matter or scope of any request for production of documents in this matter. Furthermore, nothing contained in this Order shall be construed to affect any Designating Party's right to object to the admissibility or relevance of any document, testimony, or other evidence at trial of the action.

14. <u>Confidential Information Subpoenaed or Ordered Produced in Other Litigation</u>.

    a. If a receiving Party is served with a request, subpoena, or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the Designating Party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the request, subpoena, or court order.

    b.  The receiving Party also must immediately inform in writing the party who caused the request, subpoena, or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. The receiving Party must also cooperate with the Designating Party in order to give the Designating Party the opportunity to intervene and seek judicial protection from the enforcement of the subpoena and/or the entry of an appropriate confidentiality order in the action in which the subpoena was issued. Unless otherwise ordered by a court of competent jurisdiction, the Party receiving the subpoena, court order, or request shall not produce the Confidential Information if the Designating Party timely applies for a protective order for such Confidential or otherwise takes timely, appropriate steps to protect the materials. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody or control Confidential Information by the other Party to this case.

  15. <u>Inadvertent Disclosure of Confidential Information to a Third Party</u>. In the event Confidential Information is inadvertently disclosed to a third party other than those identified in this Order, such disclosure shall be reported in writing to the Designating Party within five (5) business days of the discovery of such disclosure. Counsel for the Party who made the disclosure

must make all reasonable efforts to retrieve the Confidential Information and/or to confirm that all copies of the Confidential Information in the third party's possession have been destroyed. Additionally, counsel for the Party who made the disclosure must make every effort to prevent further unauthorized disclosure on its own part or on the part of the third party.

    16.    <u>Obligations on Conclusion of Litigation</u>.

        a.    Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

        b.    Obligations at Conclusion of Litigation. Within twenty-eight days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in paragraph 3(a), shall be returned to the Designating Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the Designating Party that it has done so.

        c.    Retention of Work Product and One Set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court, including those filed under restriction. Any retained Confidential Information shall continue to be protected

under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

        d.      Deletion of Documents filed under Restrictions from Electronic Case Filing (ECF) System. Filings under restrictions shall be deleted from the ECF system only upon order of the Court.

        17.      <u>Order Subject to Modification</u>. Any Party may apply for modification of this Order upon reasonable notice to the other Parties and after counsel for the Party desiring modification shall have contacted opposing counsel to attempt to resolve the issue through negotiation. Furthermore, any Party may petition the Court in the event that such Party desires relief from, or modification of, a term or condition of this Order. Nothing in this Order or any action or stipulation of a Party under this Order shall limit the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any information produced or used in discovery or at trial.

        18.      <u>No Prior Judicial Determination</u>. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

        19.      <u>Persons Bound</u>. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by signing Exhibit A.

20. <u>Court Does Not Retain Jurisdiction</u>. The Court will not retain jurisdiction over this Protective Order once the case is closed.

DATED at Denver, Colorado, this 17th day of May 2024.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
Chief United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00603-PAB-MEH

SHANE SCOFIELD, individually and on behalf of all others similarly situated,

 Plaintiff,

v.

GREELEY FITNESS, LLC

 Defendant.

---

**EXHIBIT A TO PROTECTIVE ORDER**

---

 I, _____, do hereby agree to adhere to the terms of the Protective Order entered in this action. Any documents marked "CONFIDENTIAL" shall be reviewed solely for the purposes of my involvement in this litigation and will not be disseminated or disclosed in any manner to any other individuals who are not contemplated in Paragraph 5(b) of the Stipulated Protective Order.

_____  _____
(Signature)             (Date)